UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60819-CIV-DIMITROULEAS

CHARLES CHALIK, individually,

    Plaintiff,

vs.

WESTPORT RECOVERY CORP., a Florida
Corporation, FRIEDMAN & GREENBERG,
P.A.., a Florida Corporation, and "JANE DOE",
individually,

    Defendants.
_____/

**<u>ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS</u>**

THIS CAUSE is before the Court upon the Defendants Friedman and Greenberg, P.A. and Westport Recovery Corp.'s Motions to Dismiss Amended Complaint [DE-14,15 respectively]. The Court has carefully considered the Motions, Plaintiff's Response [DE-17], the Replies to each [DE-18,19], and is otherwise fully advised in the premises.

**I.  BACKGROUND**

Plaintiff Charles Chalik filed the instant action on June 2, 2009, alleging Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55, *et seq.* ("FCCPA"). Specifically, Plaintiff claimed a violation of 15 U.S.C. § 1692e(11). On August 4, 2009, Plaintiff filed a Motion for Leave to File Amended Complaint [DE-10], which this Court granted on August 5, 2009. In his Amended Complaint, Plaintiff alleges Defendants violated the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")[1].  Specifically, Plaintiff claims violations of 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.  He seeks damages, attorney's fees, and other litigation expenses.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d)

The following facts are according to Plaintiff's Complaint, the allegations of which we must regard as true for the purposes of these Motions to Dismiss:

Plaintiff is a natural person and resident of Broward County, Florida.  Defendants Westport Recovery Corp. ("Westport") and Friedman & Greenberg, P.A. ("F&G") are both corporations and citizens of the State of Florida.  Both corporations are debt collectors and regularly use the mail and telephone in the ordinary course of business.  Jane Doe is an employee of F&G whose name is unknown to Plaintiff.  The sole principals of both Westport and F&G are Robert D. Friedman and Debra Greenberg.

Plaintiff had debt that arose from the non-payment of a personal credit card.  Plaintiff's debt was reduced to a judgment on or about December 1, 1992.  Defendants were attempting to collect on this debt.  On May 5, 2009, Jane Doe left the following voice mail message on Plaintiff's telephone:

> Hi Mr. Chalik.  This is [first and last name indiscernible] from Friedman and Greenberg, I'm returning your call.  You can give me give me a call back at nine five four, three seven zero, four seven seven four.  Thank you

(Amended Complaint, ¶ 16).

---

[1] In the first paragraph of Plaintiff's Amended Complaint, Plaintiff mentions a violation of Florida Statute § 559 (FCCPA), but does not make any specific allegations as to a violation of the FCCPA anywhere in the Amended Complaint.  Therefore the Court will assume that the reference to the FCCPA is a vestige from the original Complaint and is not at issue in this case.

Plaintiff claims that the message violates the FDCPA as it omits the disclosure that it is a debt collector.

On or about April 2, 2009, Defendants commenced post-judgment proceedings against Plaintiff, specifically, a writ of garnishment against Chalik Investigators, Inc., Plaintiff's employer.  On or about May 5, 2009, Plaintiff, representing himself, filed a claim of exemption from Defendants' writ of garnishment.  On or about May 8, 2009, Defendants filed a sworn statement denying Plaintiff's entitlement to an exemption from garnishment.  Plaintiff alleges the sworn statement was filed in bad faith because Defendants had no specific knowledge regarding the exemption and merely sought to delay resolution of the post-judgment proceedings in an effort to collect the debt from Plaintiff.

## II.  DISCUSSION

On August 17, 2009, Defendant F&G filed a Motion to Dismiss the Amended Complaint [DE-14].  On the same date, Defendant Westport also filed a Motion to Dismiss the Amended Complaint [DE-15].  Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for the following reasons:  (1) the voice mail message at issue was not a "communication," as defined by the FDCPA; (2) the voice mail message at issue was not a false, deceptive, or misleading representation or means in connection with the collection of any debt under 15 U.S.C. § 1692e; and (3) the sworn denial of Mr. Chalik's claim of exemption complied with the provisions of Florida Statute §§ 77.041 and 222.12 and are therefore not harassing, oppressive or abusive under 15 U.S.C. § 1692d, false, deceptive or misleading under 15 U.S.C. § 1692e, or unfair or unconscionable under 15 U.S.C. § 1692f.

Plaintiff counters that the failure to identify oneself as a debt collector in a voice mail message is a well-established violation of the FDCPA. Plaintiff also claims that it is a well-established principle that by following an authorized state law procedure, a debt collector may in fact violate the FDCPA.

## A. Standard of Decision

*1. Motion to Dismiss*

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . .". Iqbal, 129 S. Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

4

complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984)).

*2. Fair Debt Collection Practices Act*

Congress established the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692.  The FDCPA restricts communications from debt collectors to consumers in many different ways.  See e.g., 15 U.S.C. § 1692d (prohibiting harassing or abusive conduct in connection with the collection of a debt).  Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must provide a warning that is sometimes referred to as the "mini-Miranda."  See e.g., Barrows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 359-60 (D.N.J. 2006).  This warning requires that debt callers give "meaningful disclosure of the caller's identity" when placing telephone calls, except when communicating with third parties. 15 U.S.C. § 1692d(6).  It is also required that in an initial oral communication, a debt collector must indicate that it is "attempting to collect a debt and that any information obtained will be used for that purpose," and that in subsequent communications, it must identify itself as a debt collector.  15 U.S.C. § 1692e(11).

Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show [an] intentional violation of the Act by a debt collector to be entitled to damages." Castro v. A.R.S. Nat'l Servs., Inc., 2000 WL 264310, *2 (S.D.N.Y. Mar. 8, 2000) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)).  A single violation of the Act is sufficient to subject a debt collector to liability under the Act.  Id.  When a court evaluates whether language

is deceptive under the FDCPA, it applies an objective standard to the language's tendency "'to mislead the least sophisticated'" consumer, in order to give effect to the FDCPA's purpose of protecting consumers. Jeter v. Credit Bureau, 760 F.2d 1168, 1175 (11th Cir. 1985) (quoting Wright v. Credit Bureau of Ga., Inc., 548 F. Supp. 591, 599 (N.D. Ga. 1982)).  Courts may assume, however, that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations." Rivera v. Amalgamated Debt Collection Servs., 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (quotations omitted).

### B. Count I - Failure to Disclose Status as Debt Collector

Both Defendants move to dismiss Plaintiff's claim of failure to disclose status as debt collector, Count I of the Amended Complaint, arguing that the voice mail message at issue is not a "communication," as defined by the FDCPA and that even if the Court found it to be a "communication," it is not a false, deceptive, or misleading representation or means in connection with the collection of any debt under 15 U.S.C. § 1692e.

*1. Whether Voice Mail was a "Communication," as Defined by the FDCPA*

Defendants argue that the voice mail was not a communication under the FDCPA because it was not a communication "in connection with the collection of any debt" nor did it convey "information regarding a debt."  Defendants argue that the voice mail was merely a response to Plaintiff's phone call and not in connection with the collection of a debt.

The definition of communications in the FDCPA is "the conveying of information regarding a debt directly or *indirectly* to any person through any medium." § 1692a(2).  Courts

generally consider voice mail messages from debt collectors to be "communications," even if the messages do not state what the calls are regarding.  See e.g., Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953 *12 (M.D. Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 655-56 (S.D.N.Y. 2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp.2d 1104, 1115-16 (C.D. Cal. 2005) (same); but see Biggs v. Credit Collections, Inc., 2007 U.S. Dist. LEXIS 84793 *12-13 (W.D. Okla. Nov. 15, 2007) (ruling that a voice mail message by a debt collector was not a communication because it contained no information regarding a debt).

In support of its position, Defendants urge the Court to adopt the reasoning in Francis v. GMAC Mortgage, 2007 WL 1648884 (E.D. Mich. 2007).  In Francis, the court considered whether two letters sent to the plaintiff by the defendant debt collector constituted "communications" under 15 U.S.C. § 1692a(2).  Francis, 2007 WL 1648884, at *4.  The first letter was an acknowledgment that the defendant received a letter from plaintiff.  Id.  The second letter was a response to plaintiff's inquiry.  Id.  Although there was a connection to plaintiff's debt, neither letter had anything to do with the collection of the debt, but rather the discharge of the debt.  Id.  Therefore the court found the letters were not communications in connection with the collection of any debt and were "in the nature of a customer service response." Id.  Therefore, the facts in Francis are distinguishable from the known facts in the instant case.

At this stage, the Court does not know whether the voice mail was a communication in connection with a debt.  While Jane Doe, in the voice mail message, purports the to be returning Plaintiff's call, it is unknown if she actually is returning Plaintiff's call or is claiming to in order

to increase the likelihood that Plaintiff would return her call.  The voice mail message asked Plaintiff to call Defendants back, but without additional evidence, the Court cannot affirmatively determine whether the voice mail message was in reference to a debt or something else.  It is possible that the purpose of the message was to induce the debtor to return the call to discuss collection of the debt, even though the call did not reveal it was regarding a debt.  If Defendants' request for Plaintiff to call them back was in connection with a debt, then the voice mail message was a "communication" subject to the disclosure requirements of the FDCPA. See 15 U.S.C. §§ 1692a(2), 1692e(11).  If Defendants' request for Plaintiff to call them back pertained to something else, then the voice mail message was not a "communication," as defined by the FDCPA.  See 15 U.S.C. § 1692a(2).  Thus, there is a factual dispute as to the purpose of Defendants' call, and the Court will not rule on this factual issue based only on the pleadings.  Nevertheless, because the Plaintiff could provide evidence that would entitle him to relief under the FDCPA, Defendants' Motions to Dismiss must be denied as to this Count.

The Court notes that even though Jane Doe stated in the voice mail message that she was returning a call, it is not known from the facts in this case whether the voice mail constituted an initial communication or subsequent communication under 15 U.S.C. § 1692e(11).  Initial communications require additional disclosures under 15 U.S.C. § 1692e(11).

*2. Whether Voice Mail was a False, Deceptive, or Misleading Representation or Means in Connection with the Collection of any Debt under 15 U.S.C. § 1692e.*

Defendants also state that the voice mail was not a false, deceptive, or misleading representation or means in connection with the collection of any debt under 15 U.S.C. § 1692e. Defendants simply state this without any further analysis.  Plaintiff is only obligated to make

minimal factual allegations demonstrating that there are legal grounds upon which a claim for relief may be based.  See Twombly, 127 S.Ct. at 1964-65.  In this case, Plaintiff has presented sufficient allegations to make a prima facie case that Defendants, debt collectors, violated his rights, under the FDCPA, by failing to identify itself or state that the voice mail message was left as an attempt to collect a debt.  See 15 U.S.C. § 1692e(11).  Defendants' Motions to Dismiss Count I, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted, therefore, must be denied.

*3. The Challenge of Complying With Both § 1692e(11) and § 1692c(b)*

Defendants argue that if a debt collector has to comply with the requirements of both §§ 1692e(11) and 1692c(b), it would be impossible to leave any voice mails, even for a return phone call, and therefore is an unreasonable interpretation of the FDCPA.  Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity, that the debt collector is attempting to collect a debt, and that any information obtained would be used for that purpose.  §§ 1692d(6), 1692e(11).  This warning is sometimes referred to as the "mini-Miranda."  E.g., Barrows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 359-60 (D.N.J. 2006).  Defendants argue that these two requirements make it impossible to leave any voice mail messages.  The Eleventh Circuit recently addressed this issue in dicta in Edwards v. Niagra Credit Solutions, Inc., 2009 U.S. App. LEXIS 22500, *9 (11th Cir. October 14, 2009) .  In Edwards, the Eleventh Circuit states that is has not yet decided whether an answering machine message that includes disclosure required by Section 1692e(11), if heard by a third party, would violate Section 1692c(b).  Id. at *9.  However, the Eleventh Circuit goes on to explain that even if the message were to violate

Section 1692c(b), the FDCPA does not guarantee a debt collector the right to leave answering machine messages.  Id.  We agree with the Eleventh Circuit's reasoning in Edwards and find no reason that a debt collector has an entitlement to use voice mail or answering machine messages. Debt collectors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.

### C. Count II - Filing a Sworn Statement in Bad Faith Denying Plaintiff's Claim to Exemption From Garnishment

Both Defendants move to dismiss Plaintiff's claim of filing a sworn statement in bad faith denying Plaintiff's claim to exemption from garnishment, Count II of the Amended Complaint, arguing that the sworn denial of Mr. Chalik's claim of exemption complied with the provisions of Florida Statute §§ 77.041 and 222.12 and therefore comply with the FDCPA. Defendants argue the Sections 77.041 and 222.12 do not require the sworn statement to be supported by any specific knowledge of Plaintiff's exemption and the only requirement is that it is a denial under oath.  Defendants also argue the sworn statement was not harassing, oppressive or abusive under 15 U.S.C. § 1692d, false, deceptive or misleading under 15 U.S.C. § 1692e, or unfair or unconscionable under 15 U.S.C. § 1692f.

*1. Florida Statute §§ 77.041 and 222.12.*

Nowhere in his Amended Complaint, does Plaintiff mention, let alone allege violations of Florida Statute §§ 77.041 and 222.12.  In addition, Defendants' compliance with the Florida Statute §§ 77.041 and 222.12 has little relevance to Defendants' compliance with the FDCPA as a debt collector may violate the FDCPA while simultaneously following an authorized state procedure.  "It is the provisions of the FDCPA that by and of themselves determine what debt

collection activities are improper under federal law." Romea v. Heiberger & Associates, 163 F.3d 111, 119 (2nd Cir. 1998). At this stage, the Court will not address whether Defendants complied with the Florida Statute §§ 77.041 and 222.12. Even assuming, arguendo, Defendants were in compliance with §§ 77.041 and 222.12, this is not dispositive of Defendants being in compliance with the FDCPA. Thus the Court will not dismiss Count II on this theory.

*2. Harassing, oppressive or abusive under 15 U.S.C. § 1692d*

Plaintiff alleges Defendants' sworn statement violated 15 U.S.C. § 1692d as the natural consequence of the statement was to harass, oppress, or abuse. The subsections of 15 U.S.C. § 1692d are examples of the type of conduct prohibited by the Act as follows:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Plaintiff does not allege a violation of a specific subsection of § 1692d and the Court finds that the alleged conduct does not violate any of the specific subsections of § 1692d. This is not fatal however, as the subsections are not an exhaustive list. The examples of harassing conduct listed in § 1692d involve behavior intended to harass, upset, humiliate, or panic a debtor. Defendants' filing of a sworn statement denying Plaintiff's claim of exemption, without

any specific knowledge regarding the exemption, in a garnishment proceeding is not the kind of conduct that was intended to be covered by § 1692d.  While the question of whether conduct harasses, oppresses, or abuses will ordinarily be a question for the jury, the Court finds as a matter of law the facts alleged do not have the natural consequence of harassing, oppressing, or abusing a debtor and will therefore be dismissed.

*3. False, deceptive or misleading under 15 U.S.C. § 1692e*

Plaintiff alleges Defendants' sworn statement violated 15 U.S.C. § 1692e as the statement was false, deceptive, or misleading.  The subsections of 15 U.S.C. § 1692e, like § 1692d discussed above, are a non-exhaustive list of examples of the type of conduct prohibited by the FDCPA.  Plaintiff does not allege a violation of a specific subsection of § 1692e.  However, based on Plaintiff's arguments as to Defendants' activities and the apparent lack of applicability of the other sections, it is the provision of § 1692e(10) that is examined for purposes of this Motion.  § 1692e(10) prohibits:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

A jury could find Defendants' sworn statement denying Plaintiff's claim of exemption, if untrue, to be a false representation.  Thus the filing of an untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by § 1692e(10) or more generally, § 1692e.  Hence the Court finds the question of whether Defendants' sworn statement was false, deceptive or misleading is one for the jury and Defendants' Motion to Dismiss must be denied as to a violation of § 1692e.

*4. Unfair or unconscionable under 15 U.S.C. § 1692f.*

12

Plaintiff alleges Defendants' filing of the sworn statement violated 15 U.S.C. § 1692f as conduct that was unfair or unconscionable.  To support his argument, Plaintiff only alleges that the sworn statement was filed in bad faith because Defendants did not have specific knowledge of Plaintiff's claim to the exemption.  Plaintiff's claim of bad faith is a legal conclusion and "the court is not required to accept a plaintiff's legal conclusions."  578 F.3d at 1260 (quoting Iqbal, 1297 S. Ct. at 1349).  The subsections of 15 U.S.C. § 1692f are a non-exhaustive list of examples of the type of conduct prohibited by the FDCPA.  Plaintiff does not allege a violation of a specific subsection of § 1692f, but as discussed above, this is not fatal.  However, a claim of a violation of Section 1692f is deficient if it "does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." Foti, 424 F. Supp. 2d at 667; see also Tsenes v. Trans-Continental Credit and Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y.1995).  Plaintiff alleges that the filing of the sworn statement violated other provisions of the FDCPA, specifically Sections 1692d and 1692e.  Because Plaintiff failed to specifically identify how Defendants' conduct was also unfair or unconscionable under § 1692f, dismissal of this claim is warranted.

### III. Conclusion

Taking Plaintiff's allegations to be true, the Court finds that all of the claims asserted in the Amended Complaint, with the exception of violations of 15 U.S.C. §§ 1692d and 1692f, are sufficient to withstand Defendants' Motions to Dismiss.  Accordingly it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant F&G's Motion to Dismiss the Amended Complaint [DE-14] and

   Defendant Westport's Motion to Dismiss the Amended Complaint [DE-15] are **GRANTED in part and DENIED in part**;

2. Defendant F&G's Motion to Dismiss the Amended Complaint [DE-14] and Defendant Westport's Motion to Dismiss the Amended Complaint [DE-15] are **DENIED** as to Count I of the Amended Complaint;

3. Defendant F&G's Motion to Dismiss the Amended Complaint [DE-14] and Defendant Westport's Motion to Dismiss the Amended Complaint [DE-15] are **GRANTED without prejudice** as to violations of 15 U.S.C. § 1692d and § 1692f of Count II of the Amended Complaint;

4. The allegations of violations of 15 U.S.C. § 1692d and § 1692f of Count II are dismissed without prejudice, with leave to amend.

5. Defendant F&G's Motion to Dismiss the Amended Complaint [DE-14] and Defendant Westport's Motion to Dismiss the Amended Complaint [DE-15] are **DENIED** as to a violation of 15 U.S.C. § 1692e of Count II of the Amended Complaint;

6. Plaintiff may file an a seconded amended complaint on or before November 12, 2009.  A failure to comply with this Order will result in the dismissal of the allegations of violations of 15 U.S.C. § 1692d and § 1692f of Count II of Plaintiff's Amended Complaint with prejudice;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of October, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record